UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SINISA JANKO, MARCO MATIC, and ROBERT
ARGENTIN, on behalf of themselves and all others
similarly situated,

                         Plaintiffs,

          -against-

PATSY'S ITALIAN RESTAURANT, INC. d/b/a
PATSY'S, JOSEPH V. SCOGNAMILLO,
SALVATORE J. SCOGNAMILLO, and FRANK
DICOLA,

                         Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**

**ECF CASE**

Plaintiffs Sinisa Janko, Marco Matic, and Robert Argentin ("plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of defendants Patsy's Italian Restaurant, Inc. d/b/a Patsy's, Joseph V. Scognamillo, Salvatore J. Scognamillo, and Frank DiCola (collectively referred to as "defendants"), allege:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and section 190 *et seq.* of the New York Labor Law ("NYLL") on behalf of waitstaff that worked for defendants.

2. Defendants systematically ignored the requirements of the FLSA and NYLL. Plaintiffs seek injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, compensatory damages, misappropriated tips, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at Patsy's Italian Restaurant, Inc. d/b/a Patsy's, located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

5. Sinisa Janko resides in Brooklyn, New York.

6. Defendants have employed Janko as a waiter from approximately February 2014 to the present.

7. Marco Matic resides in Queens, New York.

8. Defendants employed Matic as a waiter from June 2014 to October 10, 2014.

9. Robert Argentin resides in Queens, New York.

10. Defendants employed Argentin as a waiter from approximately May 2014 to February 2015.

**Defendants**

11. Defendant Patsy's Italian Restaurant, Inc. is a New York corporation that owns, operates, and does business as Patsy's, an Italian restaurant located at 236 West 56th Street, New York, New York ("Patsy's").

12. Patsy's has been open since 1944. It is well known for its celebrity clientele and famous for being Frank Sinatra's favorite restaurant in New York City.

13. Patsy's has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. Patsy's is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. Patsy's has annual gross volume of sales in excess of $500,000.

16. Defendant Salvatore J. Scognamillo is co-owner of Patsy's and its chef.

17. Throughout plaintiffs' employment, Salvatore J. Scognamillo hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Patsy's.

18. Salvatore J. Scognamillo exercises sufficient control over Patsy's operations to be considered plaintiff's employer under the FLSA and NYLL.

19. Defendant Joseph V. Scognamillo is a co-owner and the Chief Executive Officer of Patsy's.

20. Joseph V. Scognamillo is the father of Salvatore J. Scognamillo.

21. Throughout plaintiffs' employment, Joseph V. Scognamillo had the authority to hire and fire employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Patsy's.

22. Joseph V. Scognamillo exercises sufficient control over Patsy's operations to be considered plaintiffs' employer under the FLSA and NYLL.

23. Defendant Frank DiCola is co-owner, General Manager, and Principal Executive Officer of Patsy's.

24. Throughout plaintiffs' employment, DiCola hired and fired employees,

directed the manner in which employees performed their daily duties and assignments, and established and implement the pay practices and work and scheduling policies at Patsy's.

25. DiCola exercises sufficient control over Patsy's operations to be considered plaintiff's employer under the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

26. The claims in this Complaint arising out of the FLSA are brought by plaintiffs on behalf of themselves and similarly situated persons (*i.e.*, waiters and runners) who are current and former employees of defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "Tipped Employees" or "waitstaff").

27. Tipped Employees consist of approximately twenty employees who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wage, overtime pay, tips, and other monies.

28. Tipped Employees consist of employees who, during their employment with defendants, worked as waitstaff and fell into the category of non-exempt, non-managerial tipped employees who customarily and regularly earned more than $30 per month in tips and were required by defendants to participate in a tip-pool at Patsy's.

29. As part of their regular business practices, defendants have intentionally, willfully, and repeatedly harmed Tipped Employees by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, *inter alia*, the following:

      a. failing to keep accurate records of hours worked by Tipped Employees as required by the FLSA and the NYLL;

      b. failing to notify Tipped Employees that they were taking a "tip credit";

4

    c. failing to pay Tipped Employees minimum wages for all hours worked;

    d. failing to pay Tipped Employees overtime pay for all hours worked over forty;

    e. depriving Tipped Employees of tips that they earned; and

    f. failing to pay employees spread-of-hours compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than ten hours.

30. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

31. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Tipped Employees.

32. Tipped Employees would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Patsy's, are readily identifiable, and locatable through Patsy's records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## PLAINTIFFS' EMPLOYMENT WITH DEFENDANTS

**Defendants' Failure to Pay Minimum Wages and Provide Paystubs**

33. Patsy's did not provide paychecks or paystubs to the waitstaff.

34. Patsy's did not provide the waitstaff with notices informing them of, *inter alia*, their rates of pay at the time of hiring.

35. Patsy's did not provide the waitstaff with notices informing them that the restaurant would be taking a "tip credit" against their wages.

36. Approximately three months after starting work at Patsy's, Matic complained to Vinny, a manager at Patsy's, about not receiving paychecks or paystubs from defendants. Vinny informed Matic that it has always been the practice at Patsy's

5

not to provide wage statements or paystubs to Tipped Employees.

37. Plaintiffs requested weekly paystubs from defendants through Michael Feld, plaintiffs' union representative at Unite Here Union Local 100.

38. Plaintiffs received weekly paystubs from Michael Feld that purported to reflect plaintiffs' pay and hours worked.

39. The weekly paystubs reflect that plaintiffs were paid at the rate of $5.00 per hour.

40. The paystubs reflect fewer hours than plaintiffs actually worked per workweek. For example, no paystub reflects more than forty hours, even though plaintiffs regularly worked more than forty hours per week.

41. Throughout their employment, plaintiffs observed that the tips that the waitstaff received appeared to be significantly less than the amounts received from Patsy's customers.

42. Plaintiffs believe that management at Patsy's retains a portion of the tip pool money that was meant for the Tipped Employees.

43. It is customary in restaurants for management to disclose the calculations of tip distributions with the waitstaff. This transparency assures the waitstaff that management does not skim their tips.

44. Despite plaintiffs' requests, defendants refused to provide calculations showing the amounts that the waitstaff received in tips per night.

45. Defendants have not provided plaintiffs with an accounting detailing how defendants calculated plaintiffs' tips per shift.

**Plaintiffs' Hours Worked**

46. Defendants scheduled waitstaff to work lunch, dinner, and/or double shifts at Patsy's on any day of the week.

47. The lunch shift is typically from 11:00 a.m. to 3:00 pm.

48. The dinner shift is typically from 4:00 p.m. to closing time, which was generally midnight.

49. A double shift at Patsy's consisted of both lunch and dinner shifts.

50. The waitstaff ta Patsy's has a one-hour lunch break, usually from approximately 3:00 p.m. to 4:00 p.m., when working a double shift.

51. Throughout his employment, Sinisa has regularly worked six dinner shifts per week, totaling approximately forty-two hours per week.

52. In December 2015, Sinisa also worked some double shifts.

53. Matic worked three double and two or three dinner shifts per week, totaling approximately forty-eight to fifty hours per week.

54. Before December 2014, Argentin regularly worked three double and two dinner shifts per week, totaling approximately forty-eight hours per week.

55. Beginning in December 2015, Argentin regularly worked five double shifts per week, totaling approximately sixty hours per week.

56. Although their work hours often exceeded forty per week, the waitstaff at Patsy's did not receive overtime pay.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

57. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

58. Defendants are employers within the meaning of 29 U.S.C. §§ 201, *et seq.*

59. Defendants were required to pay Tipped Employees the applicable minimum wage rate for each hour that they worked.

60. Defendants failed to pay Tipped Employees the minimum wages to which they were entitled under the FLSA.

61. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs.

62. As a result of defendants' willful violations of the FLSA, Tipped Employees have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

63. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

64. Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(5), and 652, and supporting New York State Department of Labor Regulations.

65. Defendants failed to pay Tipped Employees the minimum wages to which plaintiffs were entitled under the NYLL.

66. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Tipped Employees minimum hourly wages.

67. As a result of defendants' willful violations of the NYLL, Tipped Employees have suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

68. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

69. Defendants were required to pay Tipped Employees one and one-half (1½) times their regular rates of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*

70. Defendants failed to pay Tipped Employees the overtime wages to which they were entitled under the FLSA.

71. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs overtime wages.

72. Due to defendants' violations of the FLSA, Tipped Employees are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

73. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

74. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay Tipped Employees one and one half (1½) times the regular rate of pay for all hours that Tipped Employees worked in excess of forty.

75. Defendants failed to pay Tipped Employees the overtime wages to which they were entitled under the NYLL.

76. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Tipped Employees overtime wages.

77. Due to defendants' willful violations of the NYLL, Tipped Employees are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

78. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

79. Defendants willfully failed to pay Tipped Employees additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Tipped Employees worked more than ten hours.

80. By defendants' failure to pay Tipped Employees spread-of-hours pay, defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

81. Due to defendants' willful violations of the NYLL, Tipped Employees are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

82. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

83. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

84. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

85. Throughout plaintiffs' employment with defendants, defendants paid Tipped Employees without providing a wage statement accurately listing: the overtime

rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

86.　In violation of NYLL § 191, defendants failed to furnish to Tipped Employees at the time of hiring, whenever there was a change to Tipped Employees' rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

87.　Defendants failed to furnish Tipped Employees with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

88.　Due to defendants' violation of NYLL § 195(1), Tipped Employees are entitled to recover from defendants liquidated damages of $50 per day that the violation

occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

89. Due to defendants' violation of NYLL § 195(3), Tipped Employees are entitled to recover from defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## SEVENTH CLAIM
### (New York Labor Law – Illegal Deductions from Gratuities, NYLL § 196-d)

90. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

91. NYLL § 193(1) prohibits employers from making any deductions from an employee's wages, except for those permitted by law.

92. NYLL § 196-d prohibits any employer or his agents from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

93. Upon information and belief, defendants skimmed from the tip pool a portion of gratuities belonging to Tipped Employees.

94. Defendants have been agents or officers of a corporation within the meaning of NYLL, Article 6, § 196-d and the supporting NYDOL regulations.

95. By defendants' knowing or intentional demand for, acceptance, and/or retention of gratuities paid by customers for Tipped Employees, defendants have willfully violated NYLL, Article 6, § 196-d and its supporting NYDOL Regulations.

96. As a result of defendants' willful violations of the NYLL, Tipped Employees are entitled to recover from defendants their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre- and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

a. authorizing the issuance of notice at the earliest possible time to all Tipped Employees who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. declaring that defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

c. declaring that defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

d. declaring that defendants unlawfully deducted amounts from plaintiffs' gratuities, in violation of the NYLL;

e. declaring that defendants violated the notice provisions of the NYLL and WTPA;

f. declaring that defendants' violations of the FLSA and NYLL were willful;

g. enjoining future violations of the FLSA and NYLL by defendants;

h. awarding Tipped Employees damages for unpaid minimum and overtime wages, unlawfully retained gratuities, and spread-of-hours pay;

i. awarding Tipped Employees liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

13

  j. awarding Tipped Employees liquidated damages as a result of defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

  k. awarding Tipped Employees pre- and post-judgment interest under the NYLL;

  l. awarding Tipped Employees' reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

  m. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York  
   June 26, 2015

PECHMAN LAW GROUP PLLC

By: _____  
Louis Pechman  
Gianfranco J. Cuadra  
488 Madison Avenue, 11th Floor  
New York, New York 10022  
(212) 583-9500  
pechman@pechmanlaw.com  
cuadra@pechmanlaw.com  
*Attorneys for Plaintiffs*

14